# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DONNA PEASE**  CASE NO.:

**Plaintiff,**

v.

**SODEXO, INC. and SDH EDUCATION WEST, LLC,**

**Defendants.**

_____/

## DEFENDANTS' NOTICE OF AND PETITION FOR REMOVAL

Defendants, SODEXO, INC. ("Sodexo") and SDH Education West, LLC ("SDH") (collectively "Defendants"), by and through their undersigned attorneys, and in accordance with the applicable Federal Rules of Civil Procedure, Rule 7.2 of the Local Rules of the United States District Court for the Northern District of Florida, and Title 28 of the United States Code §§ 1332, 1441 and 1446, hereby file this Notice of and Petition for Removal. Defendants request that this Court remove the civil action from the Circuit Court of the Second Judicial Circuit, in and for Wakulla County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. The grounds for removal of this civil action are set forth below.

I. **INTRODUCTION**

Plaintiff, Donna Pease ("Plaintiff"), a former employee, brought this action on or about May 3, 2022, in the Circuit Court of the Second Judicial Circuit, in and for Wakulla County, Florida, under the name and style, *Donna Pease v. Sodexo, Inc. and SDH Education West, LLC* (the "Circuit Court Case"). Defendants were served with the Complaint on August 12, 2022. Copies of all process, pleadings, and other papers on file in the Circuit Court Case are attached hereto as **Composite Exhibit "A"** as required by 28 U.S.C. § 1446(a) and Local Rule 7.2 of the U.S. District Court for the Northern District of Florida. In the Complaint, Plaintiff alleged violations of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). *See* Comp. Ex. "A," Compl. at ¶ 1.

The United States District Court for the Northern District of Florida, Tallahassee Division, encompasses the judicial district in which Plaintiff filed the Complaint. Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.1(B) of the U.S. District Court for the Northern District of Florida. This Notice of and Petition for Removal has been timely filed within 30 days of the date of service of the Complaint. 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly provide written notice of the removal to Plaintiff and will file a copy of this Notice of and Petition for Removal in the Second Judicial Circuit, in and for Wakulla County, Florida.

As set forth herein, the Circuit Court Case is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a) because diversity exists among the parties and the amount in controversy exceeds $75,000.

## II.     REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

### A.     Standard for Removal Based on Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where the basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the defendant has the burden of demonstrating: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000 by a preponderance of the evidence. *McAndrew v. Nolen*, No. 3:08-CV-294/MCR/MD, 2009 U.S. Dist. LEXIS 11083, at *6 (N.D. Fla. Feb. 4, 2009).

### B.     Complete Diversity of Citizenship Exists Between the Parties

Plaintiff alleges that, at all times material hereto, she was a resident of the State of Florida. Comp. Ex. "A," Compl. at ¶ 3.

Defendant, Sodexo, Inc., is organized under the laws of Delaware and has its principal place of business in Gaithersburg, Maryland. *See* Declaration of Kimberly Shackleford, ¶ 4, a copy of which is attached as **Exhibit "B."** Defendant SDH Education West, LLC is a single member Limited Liability Company ("LLC")

3

organized under the laws of Delaware with its principal place of business and single member located in Gaithersburg, Maryland. *Id.* at ¶ 5.

Both Defendants are, therefore, and have been at all times relevant to this lawsuit, citizens of the states of Delaware and Maryland. *See Rolling Greens v. MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that citizenship of a limited liability company is determined by the citizenship of its members).

Since neither Defendant is a citizen of the State of Florida, like Plaintiff, Defendants have satisfied their burden of showing there is complete diversity among the parties. *See Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, *7 (S.D. Fla. July 17, 2017) (a minimal showing of domicile and citizenship supports a finding that diversity exists and removal is proper).

C. **The Amount in Controversy Exceeds $75,000**[1]

The damages claimed by Plaintiff indicate that the amount in controversy requirement is met. Plaintiff alleges the following categories of damages: (1) lost wages and benefits; (2) compensatory damages including damages for emotional distress and mental anguish; (3) injunctive and/or equitable relief; (4) punitive

---

[1] Defendants do not concede that Plaintiff will prevail in this civil action or recover the amounts in controversy discussed in this Notice of and Petition for Removal or any amount. Indeed, any inquiry into whether Plaintiff may actually recover the jurisdictional amount in controversy is unnecessary and inappropriate for purposes of removal. "For the purposes of establishing jurisdiction, it is enough to show that [s]he could." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 732 (11th Cir. 2014).

4

damages; and (5) attorneys' fees and costs. *See* Comp. Ex. "A," Compl. at ¶ 39, 46, and WHEREFORE clause at p. 8.

"Where the plaintiff has not [pled] a specific amount of damages . . . the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).[2] While courts may not speculate or guess as to the amount in controversy, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 U.S. Dist. LEXIS 95412, *6 (M.D. Fla. July 14, 2014) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). "[I]f a removing defendant makes specific factual allegations establishing jurisdiction and can support them . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] that kind of reasoning is not akin to conjecture, speculation, or star

---

[2] Plaintiff asserts in her Complaint that "[t]his action involves claims which are, individually, in excess of thirty thousand dollars, exclusive of costs and interest." See Comp. Ex. A, at ¶2. Regardless, the amount in controversy exceeds $75,000.

5

gazing." *Id.* at 754. The defendant "need only prove the jurisdictional facts necessary to establish that . . . damages in an amount necessary to reach the jurisdictional minimum are at issue – that is, that such damages *could be* awarded." *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

### i.   Back Pay and Front Pay

In the event Plaintiff prevails on her claims under the FCRA, she would be presumptively entitled to recover damages for back pay. § 760.11(5), Fla. Stat. "For the purpose of estimating the amount in controversy, the plaintiff's potential back pay award may computed from the date of the adverse employment action until the proposed trial date, less mitigation." *Avalos v. SDI of Gulf Breeze*, No. 3:10cv453/MCR/EMT, 2010 U.S. Dist. LEXIS 152378, at *6 (N.D. Fla. Dec. 15, 2010) (citation omitted). A trial date of approximately twelve months from the date of the removal is customary. *Deel v. Metromedia Rest. Servs.*, No. 3:05-cv-120-MCR, 2006 U.S. Dist. LEXIS 10174, *15, n.8 (N.D. Fla. Feb. 27, 2006).

Plaintiff's employment was terminated on or about August 12, 2018. At the time of her termination of employment, Plaintiff earned approximately $1,456.73 per week on average. *See* Shackleford Decl. ¶ 3. Plaintiff's potential back pay can be determined by calculating her lost wages from the date she was terminated through the date of trial. At the time of removal, Plaintiff could be eligible for approximately **$307, 370** in back pay. Further, when conservatively applied to an

estimated trial date of September 1, 2023 (12 months from removal), Plaintiff could be entitled to approximately 263 weeks of back pay damages, or approximately **$383,119.**

Courts have previously held that it is reasonable to add one year of front pay to the amount in controversy in a discrimination case. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *6 (M.D. Fla. Jan. 17, 2017) (citing cases). While Defendants maintain that Plaintiff should not receive any relief in this case, one year of front pay damages would conservatively amount to **$75,750.** The combined amount of back pay and front pay damages that Plaintiff put in controversy in this case totals approximately **$383,119– $458,870.** Accordingly, the amount in controversy requirement is satisfied considering wage loss damages alone.

    ii. **Compensatory Damages**

Plaintiff additionally seeks compensatory damages, including damages for "emotional distress, mental pain and suffering," "mental anguish, [and] loss of enjoyment of life." *See* Comp. Ex. "A," Compl. at ¶¶ 39, 46.

Under the FCRA, a prevailing plaintiff may be awarded compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries. § 760.11(5), Fla. Stat. The FCRA does not cap compensatory damages. *Id.* When calculating the amount in controversy for compensatory

7

damages, including those based on emotional distress, it is not necessary for courts to "pinpoint the exact dollar figure of each of these forms of relief to recognize that their value adds thousands of dollars to the amount in controversy." *Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 U.S. Dist. LEXIS 5837, *7 (M.D. Fla. Jan. 17, 2017). However, it is appropriate to consider compensatory damage awards, including those based on emotional distress, in prior similar cases. *See, e.g., Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM-GRJ, 2012 U.S. Dist. LEXIS 53530, *10 (N.D. Fla. Mar. 5, 2012), *adopted by* 2012 U.S. Dist. LEXIS 53529 (N.D. Fla. Apr. 17, 2012). Juries have awarded compensatory damages in similar employment discrimination cases at or greater than the jurisdictional threshold. *See Reilly v. Duval County*, No. 3:04-cv-1320-J-32MCR, 2007 U.S. Dist. LEXIS 52926 (M.D. Fla. July 23, 2007) (jury awarded $75,000 for mental distress damages under the FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164 (S.D. Fla. 2000) ($100,000 in emotional distress damages awarded).

Based on the foregoing, in the instant case, it is reasonable for this Court to consider a conservative estimate of approximately **$30,000.00** in compensatory damages for the purpose of determining the amount in controversy.

    iii.    **Punitive Damages**

Plaintiff additionally seeks to recover punitive damages. *See* Comp. Ex. "A," Compl. at ¶¶ 39, 46. Punitive damages of up to $100,000 are available under the

FCRA. § 760.11(5), Fla. Stat. Plaintiff does not allege or otherwise indicate that she is seeking less than the maximum amount of punitive damages recoverable under the FCRA, therefore, it is appropriate to include the full **$100,000** amount authorized by the FCRA. *See Gonzalez*, 2017 U.S. Dist. LEXIS 5837 at *6-7.

    iv.   **Attorneys' Fees**

Plaintiff also seeks recovery of attorneys' fees. *See* Comp. Ex. "A", Compl., WHEREFORE clause at p. 8. An award of attorney's fees is permitted to the prevailing party under the FCRA. § 760.11(5), Fla. Stat. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *see also Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). An estimate of legal fees through trial is appropriate. *See, e.g., Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008).

Defendants conservatively estimate that Plaintiff's counsel could be expected to expend at least 125 hours litigating this action through trial, which would include depositions of witnesses, drafting and answering discovery, dispositive motion practice, and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least **$31,250.00** in attorneys' fees.

This estimate is consistent with how district courts in the Eleventh Circuit have defined "reasonableness" in terms of hours spent litigating similar cases and

the range of hourly rates in cases involving employment disputes. *See, e.g., St. Fleur v. City of Ft. Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming reduction of attorneys' fee award by only thirty percent when plaintiff's attorneys claimed they billed 1,500 hours litigating Title VII claims through trial); *Holland v. Gee*, 2012 U.S. Dist. LEXIS 164956, *16-17 (M.D. Fla. Oct. 23, 2012) (finding that 260.8 hours billed by lead attorney at $200 per hour and 190.8 hours billed by associate attorney at $150 per hour through trial was reasonable in FCRA case). Accordingly, the attorney's fees estimate should also be included in the determination of the amount in controversy.

### v.   Total Amount in Controversy

While Defendants dispute the allegations set forth in the Complaint, including Plaintiff's claims for damages, the amount in controversy clearly exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.

**WHEREFORE**, Defendants request that this Court accept the removal of this action from the Circuit Court of the Second Judicial Circuit and further direct that the Circuit Court have no further jurisdiction over this action.

Dated September 1, 2022.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

Respectfully submitted,

By: */s/ Lori K. Mans*
Lori K. Mans, Esq.
Florida Bar No. 012024
Catherine E. Barton
Florida Bar No. 1032071
**JACKSON LEWIS, P.C.**
501 Riverside Avenue, Suite 902
Jacksonville, FL 32202
(904) 638-2655
lori.mans@jacksonlewis.com
cate.barton@jacksonlewis.com
kathy.corbin@jacksonlewis.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September 2022, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Marie A. Mattox
MARIE A. MATTOX, P.A.
203 N. Gadsden Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle@mattoxlaw.com

*Counsel for Plaintiff*

/s/ Lori K. Mans
Lori K. Mans, Esq.

4861-5614-5968, v. 1