# COMPOSITE EXHIBIT A



New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 652022CA000050CAAXMX [22000050CAAXMX] | 05/03/2022 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 05/03/2022 | OTHER-DISCRIMINATION EMPLOYMENT/OTHER | YES | NO | - |

| Party Name | | Party Type | Attorney | Bar ID |
|---|---|---|---|---|
| SMITH, J LAYNE | | JUDGE | | |
| PEASE, DONNA | Search This Party | PLAINTIFF | MATTOX, MARIE A | 739685 |
| SODEXO INC | Search This Party | DEFENDANT | | |
| SDH EDUCATION WEST LLC | Search This Party | DEFENDANT | | |

### Dockets

Page : 1     ALL ▾

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| 📄 | 17 | 08/23/2022 | Return of Service Served SCH EDUCATION WEST, LLC 8/12/22 | 1 |
| | 15 | 08/22/2022 | Judge: SMITH , J LAYNE Assigned | |
| 📄 | 14 | 08/16/2022 | Return of Service Served SDH EDUCATION WEST, LLC- JANESSA BOSALLO 8/12/22 | 1 |
| | 16 | 08/12/2022 | Active Process SUMMONS disposition on 8/12/2022 | |
| | 13 | 05/10/2022 | SIGNED SUMMONS EMAILED TO FIRM (NON IMAGE) | |
| | 12 | 05/10/2022 | Active Process SUMMONS | |
| | 11 | 05/10/2022 | Active Process SUMMONS | |
| 📄 | 10 | 05/10/2022 | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT | 3 |
| | 9 | 05/10/2022 | Judge: FLURY , RONALD W Assigned | |
| | 4 | 05/04/2022 | Payment received: $420.00 Receipt Number MX 2022003253 | |
| | 2 | 05/04/2022 | Attorney: for to DONNA PEASE | |
| 📄 | 8 | 05/03/2022 | SUMMONS ISSUED SODEXO, INC. | 1 |
| 📄 | 7 | 05/03/2022 | SUMMONS ISSUED SDH EDUCATION WEST, LLC | 1 |
| | 6 | 05/03/2022 | COMPLAINT | 9 |
| 📄 | 5 | 05/03/2022 | CIVIL COVER SHEET | 3 |
| | 3 | 05/03/2022 | Assessment 1 assessed at sum $420.00 | |
| | 1 | 05/03/2022 | Case 652022CA000050CAAXMX Filed with Clerk on 5/3/2022 | |

### Judge Assignment History

| Assigned Date | Withdraw Date | Judicial Officer | Type |
|---|---|---|---|
| 05/10/2022 | 08/22/2022 | FLURY, RONALD W | |
| 08/22/2022 | - | SMITH, J LAYNE | |

### Court Events

| Event Date | Judge | Docket Type | Location | Prosecutor | Defendant Attorney |
|---|---|---|---|---|---|
| No records found. | | | | | |

### Financial Summary

| Financial Summary | | | |
|---|---|---|---|
| Assessment | Total: $420.00 | Paid to Date: $420.00 | Balance Due: $0.00 |
| Restitution | Total: $0.00 | Paid to Date: $0.00 | Balance Due: $0.00 |

| Financial Details | | | | |
|---|---|---|---|---|
| Count | Assessment Due | Assessment Paid to Date | Restitution Due | Restitution Paid to Date | Last Payment Date |
| | $420.00 | $420.00 | $0.00 | $0.00 | - |

### Reopen History

| Reopen Date | Reopen Close Date | Reopen Reason |
|---|---|---|
| No records found. | | |

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>WAKULLA</u>   COUNTY, FLORIDA

<u>DONNA PEASE</u>
Plaintiff

Case # __2022-CA-50_____

Judge _____

vs.

<u>SODEXO INC, SDH EDUCATION WEST LLC</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>WAKULLA</u>   COUNTY, FLORIDA

<u>DONNA PEASE</u>
Plaintiff

Case #  <u>2022-CA-50</u>
Judge  _____

vs.

<u>SODEXO INC, SDH EDUCATION WEST LLC</u>
Defendant

_____

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.   TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☒ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox                Fla. Bar # 739685
        Attorney or party                              (Bar # if attorney)

Marie A Mattox                                   05/03/2022
 (type or print name)                          Date

- 3 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Marie A Mattox        Fla. Bar # 739685
      Attorney or party           (Bar # if attorney)

Marie A Mattox           05/03/2022
  (type or print name)          Date

**IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR WAKULLA COUNTY,
FLORIDA**

**DONNA PEASE,**

     **Plaintiff,**

**Case No. 22-CA__50____**

**vs.**

**SODEXO, INC. and SDH EDUCATION
WEST, LLC,**

# Summons

     **Defendant.**

_____

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **SODEXO, INC.
C/O CORPORATE CREATIONS NETWORK INC. -REGISTERED AGENT
801 US HIGHWAY 1
NORTH PALM BEACH, FL 33408**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2022.

CLERK OF THE CIRCUIT COURT

By:_____
05/10/2022 08:45:39 AM
Deputy Clerk

05/10/2022 08:45:40 AM

Filing # 148899497 E-Filed 05/03/2022 11:28:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR WAKULLA COUNTY,
FLORIDA

**DONNA PEASE,**

Case No. 22-CA 50

CPS2016
8/12/22
22 000050CAAXMX 12:50

    **Plaintiff,**

**vs.**

**SODEXO, INC. and SDH EDUCATION
WEST, LLC,**

# Summons

    **Defendant.**

_____

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or
petition in this action on Defendant:

        **SDH EDUCATION WEST, LLC
        C/O CORPORATE CREATIONS NETWORK INC. -REGISTERED AGENT
        801 US HIGHWAY 1
        NORTH PALM BEACH, FL 33408**

    Each defendant is required to serve written defenses to the complaint or petition on
**Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street,
Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant,
exclusive of the day of service, and to file the original of the defenses with the clerk of this court,
either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do
so, a default will be entered against that defendant for the relief demanded in the complaint or
petition.

    DATED on _____, 2022.

                        CLERK OF THE CIRCUIT COURT

                        05/10/2022 08:44:51 AM
                        By: _____
                        Deputy Clerk

                        05/10/2022 08:44:51 AM

Electronically Filed Wakulla Case # 22000050CAAXMX 05/03/2022 11:28:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR WAKULLA COUNTY, FLORIDA

**DONNA PEASE,**

   **Plaintiff,**

v.

**SODEXO, INC. and SDH EDUCATION
WEST, LLC,**

   **Defendants.**

_____/

**CASE NO.: 22-CA-
FLA BAR NO.: 0739685**

## COMPLAINT

  Plaintiff, DONNA PEASE, hereby sues Defendants, SODEXO, INC. and SDH

EDUCATION WEST, LLC., and alleges:

### NATURE OF THE ACTION

  1. This is an action brought under the Florida Civil Rights Act, codified at Chapter

760, Florida Statutes.

  2. This action involves claims which are, individually, in excess of Thirty Thousand

Dollars ($30,000.00), exclusive of costs and interest.

### THE PARTIES

  3. At all times pertinent hereto, Plaintiff, DONNA PEASE, has been a resident of

the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class

due to her disability.

  4. At all times pertinent hereto, Defendant, SODEXO, INC., has been conducting

business in the State of Florida. At all times pertinent to this action, Defendant has been an

"employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5.      At all times pertinent hereto, Defendant, SDH EDUCATION WEST, LLC, has been conducting business in the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff, a disabled female, began her employment with Defendant[1] on or about November 20, 1996 and held the position of General Manager/Executive Chef at the time of her wrongful termination on May 18, 2018.

8.      Despite her stellar work performance during her employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her disability, and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

9.      The disparate treatment and retaliation came at the hands of specifically but not limited to District Manager Kevin Niemann ("Neimann), Vice President Alan Collins ("Collins),

---

[1] The term "Defendant" refers to both Defendants as Defendant SDH Education West, LLC appears to be a wholly owned subsidiary of Sodexo, LLC.  At all relevant times, Sodexo, LLC appears to have had the contract to provide educational, health care and business institutions to operate food services and that Plaintiff worked for Sodexo at Wakulla County Schools, 69 Arran Road, Crawfordville, Florida.

2

Human Resources Representative Delia Whitemore ("Whitemore") and District Manager Tony Bucsemi ("Bucsemi').

10.     On or about April 2013 at 6:00 p.m., Bucsemi came to Plaintiff's office while she was alone and told her, "You're a fucking, useless piece of shit" and she was nothing but a glorified administrative assistant. Plaintiff told Bucsemi he was making her uncomfortable and to please leave.

11.     Bucsemi left Plaintiff's office and she immediately called Human Resources Representative Marcy (l/n/u) to let her know what transpired.

12.     In 2014, Defendant asked Plaintiff to go to Jackson County, Florida to help the new General Manager there set up the food service part of the contract. Plaintiff traveled 2.25 hours to Jackson County and back two (2) to three (3) days a week. Plaintiff would stay in Marianna the other two days.

13.     Plaintiff was being reimbursed for mileage but the mileage and distance was increasing the wear and tear on her vehicle. After approximately three (3) days after being at the Jackson County location, Plaintiff was asked to step in as interim General Manager by Neimann.

14.     Plaintiff was only supposed to be there until the end of March 2014 but was not able to leave until October 2014. While she was in Marianna, Plaintiff trained staff in completing their inventory and ordering online. Plaintiff also applied for the General Manager position officially but it was given to Jack Noonan ("Noonan").

15.     Noonan was given the General Manager position despite being removed nine months prior for harassing employees. Noonan was promoted to Operations Manager 2 for Okaloosa County and Plaintiff was Operations Manager 3 and had been Noonan's boss yet Bucsemi and Noonan did not want Plaintiff to tell Noonan what to do.

3

16.     In October, 2014, Plaintiff received a call from her new supervisor saying she needed to be in California by Sunday to start a new account on Monday.

17.     For the next two years, 2014-1016, Plaintiff traveled for Defendant opening new accounts. The position took a toll on Plaintiff and her home life. At times Plaintiff was away from home for four (4) months at a time. She travelled California five (5) or six (6) times as well as Texas numerous times, West Virginia, Connecticut, North and South Carolina as well as Georgia. Plaintiff also worked almost around the clock for the Defendant, working hours that she was not scheduled to work because of staff shortages.

18.     Around 2016, Neimann called Plaintiff and asked if she would be interested in an account in Florida.  When she did not receive two positions for which she made application and was qualified, Plaintiff called her Human Resources Representative.

19.     Shortly thereafter, Plaintiff was relocated to a school account in Atlanta, Georgia. She was then sent to North Carolina to a new hospital account.

20.     While Plaintiff was still working in North Carolina, Neimann called Plaintiff and told her he had spoken to the client in Atlanta and she told him what a wonderful job Plaintiff was doing. Neimann asked Plaintiff if she would be interested in applying for a new account at Wakulla County Schools. Plaintiff said "yes", applied and received the position on or around June 11, 2016.

21.     After she received the position, however, Neimann began to pile numerous daily, weekly and monthly reports onto Plaintiff that no other unit needed to complete. Neimann denied Plaintiff training for filling out these reports and she was not permitted to take time off.

4

22.     Over time, after she received this position, Plaintiff's health began failing. She had an autoimmune disease that was getting worse so she had trouble walking, sleeping and completing simple tasks. Plaintiff's anxiety and depression worsened.

23.     As a result, Plaintiff contacted Defendant's Human Resources and was told they could not change her position duties just because she could no longer perform her tasks.  But it wasn't the tasks that were hurting her, it was the overload in responsibilities with no time off. She specifically requested during this meeting that she be given time off and a more reasonable work load to assist with her disabling condition.  No accommodations were provided to Plaintiff.

24.     Plaintiff made an appointment with her physician and Defendant asked her to cancel the appointment because someone from marketing was visiting her account. Plaintiff told Neimann she would not cancel this appointment.

25.     Plaintiff received a statement from Human Resources saying she was given plenty of time for doctor's appointments, which was not true.

26.     In or around April, 2018, Plaintiff fell and fractured her wrist at one of the schools a few weeks before she was fired. Plaintiff did not tell Defendant as she was scared of losing her job for having an accident at work.

27.     On May 18, 2020, Defendant told Plaintiff she was fired for non-performance. Neimann told Plaintiff that the client wanted her removed and that she was falsifying employee timecards. Defendant never gave Plaintiff any documents supporting that she was falsifying employee timecards prior to her termination. Plaintiff has never falsified employee timecards despite being asked to do so before by Defendant for inventory purposes.

28.     Defendant terminated Plaintiff two days after she filed for FMLA in May 2018 setting forth her disability and need for time off to accommodate her disability. Plaintiff's

5

retirement age is 67 and ½ years old and Plaintiff planned on working until at least 70. Plaintiff lost 2.5 years of social security benefits to collect at her retirement age.

29.     Plaintiff's job performance was never criticized until January 2018. In 22 years, Plaintiff has never received a bad evaluation from Sodexo. Plaintiff was told that she does not know how to talk to employees and that she does not know what she is doing. Neimann told Plaintiff she was not affective in excel but she was never formally trained.

30.     Prior to her termination, Defendant gave Plaintiff impossible tasks to complete with no additional help. Plaintiff was supposed to have two field supervisors and someone for deliveries but she ended up performing many of these duties herself which exacerbated her disability.  When she requested time off as an accommodation and talked to Human Resources about the way she was treated, she was fired.

31.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

32.     Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33.     This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

34.     Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

35.     Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, as well as its failure to engage in the interactive process with Plaintiff, which adversely

6

affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

36.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

37.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

38.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment under the laws enumerated herein.

39.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

### COUNT II
### RETALIATION – CHAPTER 760

40.    Paragraphs 1 through 31 are realleged and incorporated herein by reference.

41.    Defendant is an employer as that term is used under the applicable statutes referenced above.

7

42.    The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under Chapter 760, Florida Statutes.

43.    The foregoing unlawful actions by Defendant were purposeful.

44.    Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and was the victim of retaliation thereafter, as related in part above.

45.    Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

46.    As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to

Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 3rd day of May 2022.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR WAKULLA COUNTY, FLORIDA

**DONNA PEASE,**

      Plaintiff,

vs.                             CASE NO.: 2022-CA-50

**SODEXO, INC. and SDH EDUCATION
WEST, LLC,**

      Defendant.

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

      In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

### I. PROJECTED TRIAL DATE

      All **COUNTY COURT Civil cases** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

      All **CIRCUIT COURT Civil cases** for which the complaint **does not demand trial by jury** are designated **STREAMLINED CASES** with a projected trial date of **360 days** from the date of filing of the complaint.

      All **CIRCUIT COURT Civil cases** for which the **complaint demands trial by jury** are **GENERAL CASES** with a projected trial date of **540 days** from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties **must file a *Joint* Notice** that the Cause is at Issue **no later than 15 days after the pleadings are closed**. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for *Streamlined* Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
150 days after filing: Service under any Extension of Time
180 days after filing: Adding New Parties
210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
270 days after filing: Completion of Fact and Expert Discovery
270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for *General* Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

120 days after filing: Service of Complaints
180 days after filing: Service under any Extension of Time

210 days after filing:  Adding New Parties
270 days after filing:  Resolution of Objections to Pleadings and Motions to Dismiss
400 days after filing:  Completion of Fact and Expert Discovery
450 days after filing:  Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law.  These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including:  an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial *shall* be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology.  Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial *may* be conducted by audio-video technology.  Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

NAME
Circuit Judge

AUG 1 2 2022

**VERIFIED RETURN OF SERVICE**

| Case:<br>22000050CAAXMX | Court:<br>SECOND JUDICIAL CIRCUIT | County:<br>WAKULA COUNTY, FL | Job:<br>7490185 (PEASE V. SODEXO) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>DONNA PEASE | | Defendant / Respondent:<br>SODEXO, INC.; ET AL. | |
| Received by:<br>Michael R. Meyer | | For:<br>Process & Recovery Services, Inc. | |
| To be served upon:<br>SDH EDUCATION WEST, LLC C/O CORPORATE CREATIONS NETWORK INC. - REGISTERED AGENT | | | |

I, Michael R. Meyer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected. I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  Janessa Bosallo, 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408

Manner of Service:  Registered Agent, Aug 12, 2022, 12:50 pm EDT

Documents:  SUMMONS (Received Aug 3, 2022 at 1:41pm EDT), COMPLAINT (Received Aug 3, 2022 at 1:41pm EDT), UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT (Received Aug 3, 2022 at 1:41pm EDT)

Additional Comments:
1) Successful Attempt: Aug 12, 2022, 12:50 pm EDT at 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408 received by Janessa Bosallo. Age: 20-25; Ethnicity: Latino; Gender: Female; Weight: 100; Height: 4'10"; Hair: Black; Eyes: Brown; Relationship: Admin Assistant/Authorized Employee of the Registered Agent; Other: No glasses;

Under penalties of perjury, I swear or affirm that, pursuant to Fla. Stat. 92.525 that I have read the foregoing and the facts stated herein are true. I am over the age of 18, I have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

_____                 08/16/2022

Michael R. Meyer                          Date
CPS 2016 and SPS 1460

Process & Recovery Services, Inc.
3603 Monmouth Ct.
TALLAHASSEE, FL 32308

UNOFFICIAL DOCUMENT

**VERIFIED RETURN OF SERVICE**

| Case:<br>22000050CAAXMX | Court:<br>SECOND JUDICIAL CIRCUIT | County:<br>WAKULA COUNTY, FL | Job:<br>7490185 (PEASE V. SODEXO) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>DONNA PEASE | | Defendant / Respondent:<br>SODEXO, INC.; ET AL. | |
| Received by:<br>Michael R. Meyer | | For:<br>Process & Recovery Services, Inc. | |
| To be served upon:<br>SDH EDUCATION WEST, LLC C/O CORPORATE CREATIONS NETWORK INC. - REGISTERED AGENT | | | |

I, Michael R. Meyer, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Janessa Bosallo, 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408

**Manner of Service:**   Registered Agent, Aug 12, 2022, 12:50 pm EDT

**Documents:**   SUMMONS (Received Aug 3, 2022 at 1:41pm EDT), COMPLAINT (Received Aug 3, 2022 at 1:41pm EDT), UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT (Received Aug 3, 2022 at 1:41pm EDT)

**Additional Comments:**
1) Successful Attempt: Aug 12, 2022, 12:50 pm EDT at 801 US HIGHWAY 1, NORTH PALM BEACH, FL 33408 received by Janessa Bosallo. Age: 20-25; Ethnicity: Latino; Gender: Female; Weight: 100; Height: 4'10"; Hair: Black; Eyes: Brown; Relationship: Admin Assistant/Authorized Employee of the Registered Agent; Other: No glasses;

Under penalties of perjury, I swear or affirm that, pursuant to Fla. Stat. 92.525 that I have read the foregoing and the facts stated herein are true. I am over the age of 18, I have no interest in the above action, and am a Certified Process Server in good standing in the county in which service was made.

_____                    08/16/2022
Michael R. Meyer                            Date
CPS 2016 and SPS 1460

Process & Recovery Services, Inc.
3603 Monmouth Ct.
TALLAHASSEE, FL 32308